# Composite Exhibit A

```
    1    General Docket, Circuit Court, YAZOO COUNTY
================================================================================
No. 2017-CI16                                               CFN   11942

THE ESTATE OF RAY CHARLES WILSON, B ETAL Counsel for Plaintiff
   Vs.                                    J. Edward Rainer
                                          Counsel for Defendant
OASIS HEALTH & REHAB OF YAZOO CITY ETAL
WRONGFUL DEATH                                  Judge Jannie M. Lewis-Blackm
================================================================================
    DATE                          ORDERS, JUDGMENTS, ETC.              BK/PG
--------------------------------------------------------------------------------
  6/09/2017 Cover Sheet Filed
            ($160.00 pd  Rec # 35716)
  6/09/2017 Complaint(Jury Demanded)With Exhibits Thereto Attached Filed
  8/02/2017 Process Server Summons issued on defendant,Heather Minchew
            and returned attorney for service
  8/02/2017 Process Server Summons issued on defendant,Orianna Holding
            Company,LLC/Corporation Service Company and returned to
            atty for service
  8/02/2017 Process Server Summons issued on defendant,Orianna Health
            Systems,LLC/Corporation Service Company and returned to
            atty for service
  8/02/2017 Process Server Summons issued on defendant,Ark Mississippi
            Holding Company,LLC/Corporation Service Company and
            returned to atty for service
  8/02/2017 Process Server Summons issued on defendant,Yazoo City
            Rehabilitation And Healthcare Center,LLC/Corporation Service
            Company and returned to atty for service
  8/02/2017 Process Server Summons issued on defendant,Oasis Health &
            Rehab of Yazoo City,LLC/Corporation Service Company and
            returned to atty for service
  8/10/2017 Process Server Exc. Summons Filed (Heather Minchew by
            serving Patricia Burrough) served 08/08/17
  8/10/2017 Process Server Exc. Summons Filed (Orianna Holding Company,
            LLC by serving Angela Dees) served 08/08/17
  8/10/2017 Process Server Exc. Summons Filed (Orianna Health Systems,
            LLC by serving Angela Dees) served 08/08/17
  8/10/2017 Process Server Exc. Summons Filed (Ark Mississippi Holding
            Company by serving Angela Dees) served 08/08/17
  8/10/2017 Process Server Exc. Summons Filed (Yazoo City Rehabilitation
            and Healthcare Center,LLC by serving Angela Dees)
            served 08/08/17
  8/10/2017 Process Server Exc. Summons Filed (Oasis Health & Rehab of
            Yazoo City, LLC by serving Angela Dees) served 08/08/17
```

IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

THE ESTATE OF RAY CHARLES WILSON,
BY AND THROUGH STELLA JEAN WILSON,
INDIVIDUALLY AND AS ADMINISTRATRIX
OF THE ESTATE OF RAY CHARLES WILSON
FOR THE USE AND BENEFIT OF THE ESTATE
AND WRONGFUL DEATH BENEFICIARIES OF
RAY CHARLES WILSON                                                PLAINTIFF

VS.                                                CAUSE NO. _2017-CI16_

OASIS HEALTH & REHAB OF YAZOO
CITY, LLC; YAZOO CITY REHABILITATION
AND HEALTHCARE CENTER, LLC; ARK
MISSISSIPPI HOLDING COMPANY, LLC;
ORIANNA HEALTH SYSTEMS, LLC;
ORIANNA HOLDING COMPANY, LLC;
HEATHER MINCHEW, IN HER CAPACITY
AS ADMINISTRATOR OF OASIS HEALTH &
REHAB OF YAZOO CITY; JOHN DOES 1
THROUGH 10; AND UNIDENTIFIED
ENTITIES 1 THROUGH 10 (AS TO OASIS
HEALTH & REHAB OF YAZOO CITY)                                   DEFENDANTS

---

### COMPLAINT
### (JURY DEMANDED)

---

Comes now the Plaintiff, the Estate of Ray Charles Wilson, by and through Stella Jean

Wilson, individually and as Administratrix of the Estate of Ray Charles Wilson, and for the use

and benefit of the Estate and wrongful death beneficiaries of Ray Charles Wilson, and for her

causes of action against Defendants, states:

#### JURISDICTIONAL STATEMENT

1.      Stella Jean Wilson was appointed Administratrix of the Estate of Ray Charles

Wilson by Letters of Administration issued by the Chancery Court of Rankin County,

Mississippi, attached hereto as Exhibit "A," and brings this action individually and as

**FILED**
ROBERT COLEMAN, CIRCUIT CLERK

**JUN 09 2017**

BY Janet Adams D.C.

Page 1 of 29

Administratrix of the Estate of Ray Charles Wilson and on the behalf of the Estate and wrongful death beneficiaries of Ray Charles Wilson pursuant to Mississippi law.

2.    Ray Charles Wilson was, at all times, material hereto, a resident of Yazoo City Rehabilitation and Healthcare Center, LLC (previously known as Oasis Health & Rehab of Yazoo City, LLC), a skilled nursing facility located at 925 Calhoun Avenue, Yazoo City, Mississippi. Ray Charles Wilson was admitted to Oasis Health & Rehab of Yazoo City on or about August 28, 2014 through November 19, 2014. Ray Charles Wilson died on April 6, 2015, as a result of, injuries suffered during his residency at Defendants' facility, and possessed a claim for such personal injuries and damages, which claim survived to his Estate.

3.    Yazoo City Rehabilitation and Healthcare Center, LLC, formerly known as Oasis Health & Rehab of Yazoo City, LLC. (Oasis Health & Rehab of Yazoo City) is a Delaware corporation with its principal place of business at 1001 Hawkins Street, Nashville, Tennessee 37203. At all times material to this lawsuit, Defendant Oasis Health & Rehab of Yazoo City did business in Mississippi and continues to do business in Mississippi. Defendant Oasis Health & Rehab of Yazoo City's contacts with Mississippi are systematic and ongoing such that Defendant Oasis Health & Rehab of Yazoo City could reasonably expect to be haled into a Mississippi court. Oasis Health & Rehab of Yazoo City was, and remains, a corporation engaged in the custodial care of elderly, helpless individuals who are chronically infirm, mentally impaired, and/or in need of nursing care and treatment. The agent for service of process for Oasis Health & Rehab of Yazoo City is Corporation Service Company, 5760 I-55 North, Suite 150, Jackson, Mississippi 39201.

4.      Ark Mississippi Holding Company, LLC, Orianna Health Systems, LLC, and Orianna Holding Company, LLC are in the business of operating nursing homes.  Their home office is in Nashville, Tennessee.

5.      Ark Mississippi Holding Company, LLC, Orianna Health Systems, LLC, and Orianna Holding Company, LLC's management of its nursing homes includes regularly approving reports submitted from the facilities including, labor reports, payroll reports, profit and loss statements, budget fluctuation analyses, and patient reports.

6.      .The majority of all nursing home contracts or admission agreements entered into between Ark Mississippi Holding Company, LLC, Orianna Health Systems, LLC, and Orianna Holding Company, LLC and residents of Oasis Health & Rehab of Yazoo City were entered into in Mississippi.

7.      Ark Mississippi Holding Company, LLC. (Ark Mississippi Holding Company) is a Delaware corporation with its principal place of business at 1001 Hawkins Street, Nashville, Tennessee 37203.  At all times material to this lawsuit, Defendant Ark Mississippi Holding Company did business in Mississippi and continues to do business in Mississippi.  Defendant Ark Mississippi Holding Company's contacts with Mississippi are systematic and ongoing such that Defendant Ark Mississippi Holding Company could reasonably expect to be haled into a Mississippi court.  The agent for service for Ark Mississippi Holding Company is Corporation Service Company, 5760 I-55 North, Suite 150, Jackson, Mississippi 39201. · Ark Mississippi Holding Company was, and remains, a corporation engaged in the custodial care of elderly, helpless individuals who are chronically infirm, mentally impaired, and/or in need of nursing care and treatment.

8.     Orianna Health Systems, LLC. (Orianna Health Systems) is a Delaware corporation with its principal place of business at 1001 Hawkins Street, Nashville, Tennessee 37203. At all times material to this lawsuit, Defendant Orianna Health Systems did business in Mississippi and continues to do business in Mississippi. Defendant Orianna Health Systems' contacts with Mississippi are systematic and ongoing such that Defendant Orianna Health Systems could reasonably expect to be haled into a Mississippi court. The agent for service for Orianna Health Systems is Corporation Service Company, 5760 I-55 North, Suite 150, Jackson, Mississippi 39201. Orianna Health Systems was, and remains, a corporation engaged in the custodial care of elderly, helpless individuals who are chronically infirm, mentally impaired, and/or in need of nursing care and treatment.

9.     Orianna Holding Company, LLC. (Orianna Holding Company) is a Delaware corporation with its principal place of business at 1001 Hawkins Street, Nashville, Tennessee 37203. At all times material to this lawsuit, Defendant Orianna Holding Company did business in Mississippi and continues to do business in Mississippi. Defendant Orianna Holding Company's contacts with Mississippi are systematic and ongoing such that Defendant Orianna Holding Company could reasonably expect to be haled into a Mississippi court. The agent for service for Orianna Holding Company is Corporation Service Company, 5760 I-55 North, Suite 150, Jackson, Mississippi 39201. Orianna Holding Company was, and remains, a corporation engaged in the custodial care of elderly, helpless individuals who are chronically infirm, mentally impaired, and/or in need of nursing care and treatment.

10.    Separate Defendant Heather Minchew was the Director of Nursing of Oasis Health & Rehab of Yazoo City during the residency of Ray Charles Wilson. As Director of Nursing, Heather Minchew was responsible for ensuring that the residents of the nursing home

received adequate and appropriate care. Heather Minchew is a resident citizen of the State of Mississippi and at all times material to this lawsuit conducted business in Mississippi and continues to do business in Mississippi. Defendant Minchew's, contacts with Mississippi are systematic and ongoing such that she could reasonably expect to be haled into a Mississippi court.

11.   Separate Defendants John Does 1 through 10 are individuals whom Plaintiff is currently unable to identify despite diligent efforts. Said Defendants are named pursuant to Miss. R. Civ. P. 9(h), insofar as their acts and/or omissions were negligent and/or otherwise tortious with respect to the care and treatment of, or in the staffing, supervision, administration and direction of the care and treatment of Ray Charles Wilson during his residency at Oasis Health & Rehab of Yazoo City. Alternatively, Defendants are liable for the negligent and/or otherwise tortious acts and/or omissions of others with respect to the care and treatment of Ray Charles Wilson during his residency at Oasis Health & Rehab of Yazoo City.

12.   Separate Defendants Unidentified Entities 1 through 10 are entities whom Plaintiff is currently unable to identify despite diligent efforts. Defendants are named pursuant to Miss. R. Civ. P. 9(h), insofar as their acts and/or omissions were negligent and/or otherwise tortious with respect to the care and treatment of Ray Charles Wilson during his residency at Oasis Health & Rehab of Yazoo City. Alternatively, Defendants are liable for the negligent and/or otherwise tortious acts and/or omissions of others with respect to the care and treatment of Ray Charles Wilson during his residency at Oasis Health & Rehab of Yazoo City.

13.   At all times material hereto, Defendants owned, operated, managed and/or controlled Oasis Health & Rehab of Yazoo City in Yazoo County, Mississippi and are therefore directly liable for all the care provided at Oasis Health & Rehab of Yazoo City. The actions of

each of Oasis Health & Rehab of Yazoo City's servants, agents and employees as set forth herein, are imputed to the Defendants.

14.     Jurisdiction is proper in the Yazoo County Circuit Court in that the amount in controversy, exclusive of interest and costs, far exceeds the minimum jurisdictional limits of this Court.

FACTUAL SUMMARY

15.    On or about August 28, 2014, Ray Charles Wilson was admitted to Oasis Health & Rehab of Yazoo City.  He remained a resident there until on or about November 19, 2014.

16.     At the time of his admission, Ray Charles Wilson was no longer competent to handle his own affairs, and his cognitive and physical skills were impaired. He no longer had the conscious awareness necessary to be able to fully comprehend all of the elements necessary to know that he had been the victim of nursing home negligence and resident rights violations.

17.     Defendants were well aware of Ray Charles Wilson's medical condition and the care that he required when they represented that they could adequately care for his needs. Defendants made affirmative representations to the family that the appropriate level of care would be provided when the Defendants knew, because of budgetary restrictions on staffing and supplies, that residents; including Ray Charles Wilson, would not get the necessary care.

18.     Defendants held themselves out as being:

a.     Skilled in the performance of nursing, rehabilitative and other medical support services;

b.     Properly staffed, supervised, and equipped to meet the total needs of its nursing home residents;

c.     Able to specifically meet the total nursing home, medical, and physical therapy needs of Ray Charles Wilson and other residents like him; and,

d.     Licensed and complying on a continual basis with all rules, regulations,

Page 6 of 29

and standards established for nursing homes, nursing home licensees and nursing home administrators.

19.   Defendants failed to discharge their obligations of care to Ray Charles Wilson. As a consequence thereof, Ray Charles Wilson suffered catastrophic injuries, disfigurement, extreme pain, suffering, mental anguish, and death.  The scope and severity of the recurrent wrongs inflicted upon Ray Charles Wilson while under the care of the facility accelerated the deterioration of his health and physical condition beyond that caused by the normal aging process and resulted in physical and emotional trauma which includes, but is not limited to:

   a.   unexplained injuries

   b.   pain and suffering

   c.   malnutrition

   d.   dehydration

   e.   development and worsening of pressure sores;

   f.   Disfigurement;

   g.   infections, including the loss of an eye; and,

   h.   death on April 6, 2015.

20.   All of the above identified injuries, as well as the conduct specified below, caused Ray Charles Wilson to lose his personal dignity and caused him extreme and unnecessary pain, degradation, anguish, otherwise unnecessary hospitalizations, disfigurement, and emotional trauma.

21.   The wrongs complained of herein were of a continuing nature, and occurred throughout Ray Charles Wilson's stay at Defendants' facility.

22.   Defendants were aware of the systemic staffing problems at Oasis Health & Rehab of Yazoo City throughout the residency of Ray Charles Wilson via reports which were

available at all levels of Defendants' corporate structure, these staffing failures directly impacted the care to the residents, including Ray Charles Wilson.

23.    Defendants were aware of the systemic problems within Oasis Health & Rehab of Yazoo City relating to resident care, specifically relating to the injuries suffered by Ray Charles Wilson as set forth above.  These care based indicators were specifically selected by Defendants as indicators of the quality of care being provided to the residents including Ray Charles Wilson.

24.    Plaintiff alleges that on all of the occasions complained of herein, Ray Charles Wilson was under the care, supervision, and treatment of the agents and/or employees of Defendants and that the injuries complained of herein were proximately caused by the acts and omissions of Defendants named herein.

25.    Defendants had vicarious liability for the acts and omissions of all persons or entities under Defendants' control, either directly or indirectly, including its employees, agents, consultants, and independent contractors, whether in-house or outside entities, individuals, agencies, or pools causing or contributing to the injuries of Ray Charles Wilson.

26.    The Defendants are directly liable for the acts and/or omissions contained herein due to the direct control, ownership, and/or management of the operations of Oasis Health & Rehab of Yazoo City. This exertion of control, ownership, and/or management by the Defendants created a dangerous environment, for all residents, including Ray Charles Wilson.

27.    The Defendants were aware of the dangerous environment that was created by their methods of management and/or control at all their facilities, including Oasis Health & Rehab of Yazoo City and the harm caused to the residents, including Ray Charles Wilson.

28.    This methodology of management and/or control was implemented and pursued by Craig Robinson, President and CEO of all Defendant Corporations and LLCs, in an effort to

increase profits by cutting costs.

29.    Defendants have joint and several liability for the actions complained of herein because they consciously and deliberately pursued a common plan or design to commit the tortious acts described in this Complaint and these Defendants actively took part in such actions.

COUNT ONE: NEGLIGENCE AGAINST OASIS HEALTH & REHAB OF YAZOO CITY, LLC; YAZOO CITY REHABILITATION AND HEALTHCARE CENTER, LLC; ARK MISSISSIPPI HOLDING COMPANY, LLC; ORIANNA HEALTH SYSTEMS, LLC; ORIANNA HOLDING COMPANY, LLC; JOHN DOES 1 THROUGH 10 AND UNIDENTIFIED ENTITIES 1 THROUGH 10

30.    Plaintiff re-alleges and incorporates the allegations in the preceding paragraphs as if set forth herein.

31.    Separate Defendants owed a duty to residents, including Ray Charles Wilson, to provide adequate and appropriate custodial care and supervision, which a reasonably careful person would provide under similar circumstances.

32.    Separate Defendants' employees owed a duty to residents, including Ray Charles Wilson, to exercise reasonable care in providing care and services in a safe and beneficial manner.

33.    Separate Defendants breached this duty by failing to deliver care and services that a reasonably careful person would have provided under similar circumstances and by failing to prevent the mistreatment, abuse and neglect of Ray Charles Wilson.

34.    The negligence of the Defendants, their employees, agents and consultants, includes, but is not limited to, one or more of the following acts and omissions:

a.    The failure to provide Ray Charles Wilson with adequate fluid intake to prevent dehydration;

b.    The failure to provide and ensure that Ray Charles Wilson received

adequate hygiene and sanitary care to prevent pressure sores and infections from developing and progressing;

c.      The failure to provide adequate turning and repositioning of Ray Charles Wilson in order to provide pressure relief so as to prevent the formation of pressure sores on his body;

d.      The failure to provide even the minimum number of staff necessary to assist the residents with their needs;

e.      The failure to protect Ray Charles Wilson from harm within the facility;

f.      The failure to respond to significant signs and symptoms of change in the condition of Ray Charles Wilson;

g.      The failure to develop, implement, and update an adequate and appropriate resident care plan to meet the needs of Ray Charles Wilson;

h.      The failure to maintain appropriate records, including the failure to monitor and document significant changes in Ray Charles Wilson's condition;

i.      The failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants, and medication aides (hereinafter "nursing personnel") to meet the total needs of Ray Charles Wilson;

j.      The failure to increase the number of personnel to ensure that

k.      Ray Charles Wilson:

1)      received timely and accurate care assessments;

2)      received prescribed treatment, medication, and diet;

3)      received necessary supervision; and

4)      received timely intervention due to a significant change in

condition.

l.     The failure to provide nursing personnel sufficient in number to ensure that Ray Charles Wilson attained and maintained his highest level of physical, mental and psychosocial well-being;

m.     The failure to provide adequate supervision to the nursing staff so as to ensure that Ray Charles Wilson received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments and medications, and sufficient nursing observation and examination of the responses, symptoms, and progress in the physical condition of Ray Charles Wilson;

n.     The failure to adequately assess, evaluate and supervise nursing personnel so as to ensure that Ray Charles Wilson received appropriate nursing care, in accordance with Defendants' policy and procedures manual, and the statutorily mandated regulations implemented by the Mississippi Department of Health and its agents, including the Division of Health Facilities Licensure and Certification;

o.     The failure to provide a nursing staff that was properly staffed, qualified, and trained;

p.     The failure to provide and ensure an adequate nursing care plan based on the needs of Ray Charles Wilson;

q.     The failure to provide and ensure adequate nursing care plan revisions and modifications as the needs of Ray Charles Wilson changed;

r.     The failure to implement and ensure that an adequate nursing care plan for Ray Charles Wilson was followed by nursing personnel;

s.     The failure to adopt adequate guidelines, policies, and procedures for documenting, maintaining files, investigating, and responding to any complaint regarding the

quantity of resident care, the quality of resident care, or misconduct by employees, irrespective of whether such complaint derived from a state survey agency, a resident of said facility, an employee of the facility or any interested person;

       t.    The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care;

       u.    The failure to maintain medical records on Ray Charles Wilson in accordance with accepted professional standards and practices that are complete, accurately documented, readily accessible, and systematically organized with respect to:

       1)    the diagnosis of Ray Charles Wilson;

       2)    the treatment of Ray Charles Wilson; and

       3)    the assessment and establishment of appropriate care plans of care and treatment.

       v.    The failure to adequately and appropriately monitor Ray Charles Wilson and recognize significant changes in his health status; and

    35.    A reasonably careful nursing home, operating under similar circumstances, would foresee that the failure to provide the ordinary care listed above would result in devastating injuries to Ray Charles Wilson.

    36.    As a direct and proximate result of the negligence of Defendants as set out above, Ray Charles Wilson suffered the injuries set forth herein and also suffered extreme pain, suffering, mental anguish, embarrassment, and death, all of which required hospitalization and medical treatment, and required Ray Charles Wilson to incur significant hospital and medical expenses.

    37.    WHEREFORE, based on such conduct of Defendants as set forth above, Plaintiff

asserts a claim for judgment for all compensatory damages and punitive damages against Defendants including, but not limited to, medical expenses, physical pain, suffering, mental anguish, disability, loss of enjoyment of life, humiliation, disfigurement, and death in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

### COUNT TWO: MEDICAL MALPRACTICE AGAINST SEPARATE DEFENDANTS, OASIS HEALTH & REHAB OF YAZOO CITY, LLC; YAZOO CITY REHABILITATION AND HEALTHCARE CENTER, LLC; ARK MISSISSIPPI HOLDING COMPANY, LLC; ORIANNA HEALTH SYSTEMS, LLC; ORIANNA HOLDING COMPANY, LLC

38.    Plaintiff hereby re-alleges and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

39.    Separate Defendants owed a duty to residents, including Ray Charles Wilson, to hire, train, and supervise employees so that such employees delivered care and services to residents in a safe and beneficial manner.

40.    Separate Defendants' employees owed a duty to residents, including Ray Charles Wilson, to render care and services as a reasonably prudent and similarly situated nursing home employee would render, including, but not limited to, rendering care and services in a safe and beneficial manner.

41.    Separate Defendants owed a duty to assist all residents, including Ray Charles Wilson in attaining and maintaining the highest level of physical, mental, and psychosocial well-being.

42.    Defendants failed to meet the standard of care and violated their duty of care to Ray Charles Wilson through mistreatment, abuse and neglect.  The negligence of Defendants, their employees, and consultants, includes, but is not limited to, one or more of the following acts and omissions:

a.    The failure to properly notify a doctor upon significant changes in Ray

Charles Wilson's condition;

        b.      The failure to adequately and timely assess, monitor and/or treat the development and progression of pressure sores and infection in Ray Charles Wilson;

        c.      The failure to properly assess Ray Charles Wilson's reasonable risk of development of pressure sores and infections;

        d.      The failure to respond to significant signs and symptoms of change in the condition of Ray Charles Wilson;

        e.      The failure to develop, implement, and update an adequate and appropriate resident care plan to meet the needs of Ray Charles Wilson;

        f.      The failure to maintain appropriate records, including the failure to monitor and document significant changes in Ray Charles Wilson's condition;

        g.      The failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants, and medication aides (hereinafter "nursing personnel") to meet the total needs of Ray Charles Wilson;

        h.      The failure to increase the number of nursing personnel to ensure that Ray Charles Wilson:

        1)      received timely and accurate care assessments;

        2)      received prescribed treatment, medication, and diet;

        3)      received necessary supervision; and

        4)      received timely nursing and medical intervention due to a significant change in condition.

i.      The failure to provide nursing personnel sufficient in number to ensure that Ray Charles Wilson attained and maintained his highest level of physical, mental and psychosocial well-being;

j.      The failure to provide adequate supervision to the nursing staff so as to ensure that Ray Charles Wilson received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments, medications, and sufficient nursing observation and examination of the responses, symptoms, and progress in the physical condition of Ray Charles Wilson;

k.      The failure to adequately assess, evaluate, and supervise nursing personnel so as to ensure the Ray Charles Wilson received appropriate nursing care, in accordance with Defendants' policy and procedures manual, and the statutorily mandated regulations implemented by the Mississippi Department of Health and its agents, including the Office of Licensing and Certification;

l.      The failure to provide a nursing staff that was properly staffed, qualified, and trained;

m.      The failure to provide and ensure an adequate nursing care plan based on the needs of Ray Charles Wilson;

n.      The failure to provide and ensure adequate nursing care plan revisions and modifications as the needs of Ray Charles Wilson changed;

o.      The failure to implement and ensure that an adequate nursing care plan for Ray Charles Wilson was followed by nursing personnel;

p.      The failure to adopt adequate guidelines, policies, and procedures for documenting, maintaining files, investigating, and responding to any complaint regarding the quantity of resident care, the quality of resident care, or misconduct by employees, irrespective

of whether such complaint derived from a state survey agency, a resident of said facility, an employee of the facility or any interested person;

q.      The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care;

r.      The failure to provide Ray Charles Wilson with adequate and appropriate care so as to prevent the development, aggravation and progression of infections;

s.      The failure to provide Ray Charles Wilson with adequate and appropriate nursing care, treatments and medication for infection after the development of infection in the body of Ray Charles Wilson;

t.      The failure to provide care, treatment, and medication in accordance with physician's orders;

u.      The failure to provide Ray Charles Wilson with adequate and appropriate assessment for fluid management to prevent dehydration;

v.      The failure to maintain an adequate and appropriate fluid maintenance program;

w.      The failure to ensure that Ray Charles Wilson received adequate assessment of his nutritional needs;

x.      The failure to maintain medical records on Ray Charles Wilson in accordance with accepted professional standards and practices that are complete, accurately documented, readily accessible, and systematically organized with respect to:

1)      the diagnosis of Ray Charles Wilson;

2)      the treatment of Ray Charles Wilson; and

3)      the assessment and establishment of appropriate care plans of care

and treatment.

y.    The failure to adequately and appropriately monitor Ray Charles Wilson and recognize significant changes in her health status; and

43.    A reasonably prudent nursing home, operating under the same or similar conditions, would not have failed to provide the care listed in the above complaint. Each of the foregoing acts of negligence on the part of Defendants was a proximate cause of Ray Charles Wilson's injuries. Ray Charles Wilson's injuries were all foreseeable to Defendants.

44.    Defendants' conduct in breaching the duties owed to Ray Charles Wilson was negligent, grossly negligent, willful, wanton, malicious and reckless.

45.    As a direct and proximate result of the negligence of Defendants as set out above, Ray Charles Wilson suffered the injuries set forth herein, and also suffered extreme pain, suffering, mental anguish, embarrassment, and death, all of which required hospitalization and medical treatment, and required Ray Charles Wilson to incur significant hospital and medical expenses.

46.    WHEREFORE, based on such conduct of Defendants as set forth above, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against Defendants including, but not limited to, medical expenses, physical pain, suffering, mental anguish, disability, disfigurement, loss of enjoyment of life, humiliation, and death in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT THREE: MALICE, AND/OR GROSS NEGLIGENCE WHICH EVIDENCES A WILLFUL, WANTON, OR RECKLESS DISREGARD FOR THE SAFETY OF RAY CHARLES WILSON AGAINST ALL DEFENDANTS

47.    Plaintiff re-alleges and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

48. The longevity, scope and severity of Defendants' failures and actions as heretofore described constitute malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, including Ray Charles Wilson. Specifically, such conduct was undertaken by Defendants without regard to the health and safety consequences to those residents, such as Ray Charles Wilson, entrusted to their care. Moreover, such conduct evidences such little regard for their duties of care, good faith, and fidelity owed to Ray Charles Wilson.

49. The malice, and/or gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, including Ray Charles Wilson includes, but is not limited to, one or more of the following acts and omissions as alleged in Paragraphs heretofore.

50. As a direct and proximate result of the negligence of Defendants as set out above, Ray Charles Wilson suffered the injuries set forth herein, and also suffered extreme pain, suffering, mental anguish, embarrassment, and death, all of which required hospitalization and medical treatment, and required Ray Charles Wilson to incur significant hospital and medical expenses.

51. As a direct and proximate result of the above cited malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, including Ray Charles Wilson, he suffered the injuries set forth herein, and also suffered extreme pain, suffering, mental anguish, embarrassment, and death, all of which required hospitalization and medical treatment, and required Ray Charles Wilson to incur significant hospital and medical expenses.

52. WHEREFORE, based on such conduct of Defendants as set out above, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against Defendants including, but not limited to, medical expenses, physical pain, suffering, mental

anguish, disability, loss of enjoyment of life, humiliation, fright, and disfigurement in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT FOUR: FRAUD AGAINST ALL DEFENANTS

53.     Plaintiff re-alleges and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

54.     Defendants intentionally engaged in common law fraud which was a proximate cause of the injuries and damages described herein. Defendants, while claiming and/or implying special knowledge, concealed and/or misrepresented material facts to Ray Charles Wilson and his family. Defendants specifically misrepresented that they could and would provide twenty four hour a day nursing care and supervision to Ray Charles Wilson, when, in fact, Defendants knew that they would not do so and they were not sufficiently staffed or supplied to do so.

55.     The relationship between Defendants and Ray Charles Wilson and his family was one of trust and confidence, and Defendants had a higher duty to affirmatively speak the truth to Ray Charles Wilson and his family because of Mr. Wilson's age and infirmities. Defendants' fraudulent conduct includes, but is not limited to, the conduct described and set forth below.

56.     Defendants engaged in intentional fraud by concealing or failing to disclose material facts within Defendants' knowledge, when Defendants knew that Ray Charles Wilson and his family were ignorant of these material facts and did not have an equal opportunity to discover the truth. Specifically, Defendants misrepresented the material fact that they were willing to, and would, provide the proper care, treatment, and services to Ray Charles Wilson, when in fact, Defendants knew that they would provide as little care, treatment, and services as possible in order to maximize Defendants' profits at the expense of Ray Charles Wilson.

57.     Further, Defendants intended to induce Ray Charles Wilson and his family to take

some action: to wit, to not remove Ray Charles Wilson from Defendants' facility, by concealing or failing to disclose the material facts that there was an epidemic of resident harm and injury, as well as a practice of utilizing insufficient numbers of nursing aides who were not qualified to render care or services in accordance with the law. As a proximate cause of the concealment and failure to disclose by Defendants, Ray Charles Wilson and his family suffered injury as described herein.

58.     Defendants engaged in intentional fraud by making material misrepresentations with knowledge of their falsity and with the intention that such misrepresentations should be acted upon by Ray Charles Wilson and his family.  As a consequence and as a proximate cause of the reliance on these misrepresentations, Ray Charles Wilson and his family suffered injury as described herein.

59.     Defendants entered into an agreement with, or on behalf of, Ray Charles Wilson and/or his family, wherein Defendants promised to provide basic care for Ray Charles Wilson. As partial consideration for this promise, Ray Charles Wilson and/or his family agreed to turn over virtually all of his income to these Defendants on a monthly basis.  At the time of this agreement, it was known and understood by all parties that Defendants, for good and sufficient consideration, had also entered into agreements with the State of Mississippi and other relevant licensing and regulatory authorities which were designed and intended to be for the benefit and protection of Ray Charles Wilson and others similarly situated.  By virtue of these agreements and by direct statement, Defendants represented to Ray Charles Wilson and his family that the care they would provide for him would fully comply with the licensing requirements and standards of care specified by the laws and regulations of the State of Mississippi and other relevant licensing and regulatory authorities.

60.   Defendants held themselves out to Plaintiffs and the public at large to be a nursing home licensed by the State of Mississippi and certified to provide care to nursing home residents. At all times material to this lawsuit, the aforesaid agreements, obligations and promises, which were a part thereof, were renewed on a monthly basis by virtue of payment made by, or on behalf of, Ray Charles Wilson, to Defendants for care to be rendered for the upcoming month. Defendants were paid each month in advance of care to be provided pursuant to the admission agreement and promises which were a part thereof, including but not limited to the resident's bill of rights.

61.   WHEREFORE, based on such conduct of Defendants as set out above, Plaintiff is entitled to and therefore assert a claim for punitive damages in an amount sufficient to punish and deter Defendants and others like them from such conduct in the future.

## COUNT FIVE: BREACH OF FIDUCIARY DUTY AGAINST ALL DEFENDANTS

62.   Plaintiff re-alleges and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

63.   As a resident of Defendants' facility, Ray Charles Wilson was particularly dependent for his daily care and well-being upon Defendants, their employees and agents. Because of the nature of this dependency and the representations of Defendants that they could and would provide necessary care, Ray Charles Wilson and his family held in Defendants a special confidence and trust which Defendants accepted by admitting Ray Charles Wilson to their facility, and by determining the level of care to be provided to Ray Charles Wilson.

64.   Ray Charles Wilson and his family relied upon the supposed superior knowledge, skill, and abilities of Defendants, that Defendants held themselves out to have.  Ray Charles

Wilson and his family also relied on Defendants to provide care for Ray Charles Wilson, who, because of his age and infirmities, was not able to care for herself.

65.     By virtue of the nature of the services rendered to Ray Charles Wilson by Defendants, and the special relationship which developed between Defendants and Ray Charles Wilson, as well as the huge disparity of power and unequal bargaining position existing between Defendants and Ray Charles Wilson, Defendants occupied a position of confidence toward Ray Charles Wilson which required fidelity, loyalty, good faith, and fair dealing by Defendants.

66.     Defendants breached their fiduciary duty and duty of good faith and fair dealing to Ray Charles Wilson by failing to provide the appropriate level of care and services to which Ray Charles Wilson was entitled, by accepting payment for services and care not provided to Ray Charles Wilson, and by their concealment of and failure to disclose Defendants' abuse and neglect of Ray Charles Wilson.

67.     As a proximate cause of the foregoing breaches of duty by Defendants, Ray Charles Wilson suffered injuries as set forth above.

68.     Wherefore, based on such conduct of Defendants as set out above, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against Defendants including, but not limited to, medical expenses, physical pain, suffering, mental anguish, disability, loss of enjoyment of life, humiliation, disfigurement and death in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law. Plaintiff also seeks the imposition of a constructive trust on all wrongful profits and proceeds arising out of Defendants' breach of fiduciary duty to Ray Charles Wilson.

## COUNT SIX: STATUTORY SURVIVAL CLAIM
## AGAINST ALL DEFENDANTS

69.     Plaintiff re-alleges and incorporates the allegations as fully set forth herein.

70.     As a direct and proximate result of the negligence, malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, including Ray Charles Wilson, who suffered the injuries set forth herein all of which required hospitalization and medical treatment, and all of which required Ray Charles Wilson to incur significant hospital and medical expenses and resulted in death.

71.     As a direct, natural and proximate result of the negligence, malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, Ray Charles Wilson died on April 6, 2015, thereby incurring funeral, burial and other related expenses.

72.     WHEREFORE, based on such conduct of Defendants as set out above, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages for Ray Charles Wilson's death arising out of said conduct including, but not limited to hospital, medical, funeral, burial, costs of administration of Ray Charles Wilson's estate, and other related expenses incurred by or for Ray Charles Wilson as a result of the wrongful acts and omissions of Defendants, heretofore described, all in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff asserts are entitled by law.

## COUNT SEVEN: STATUTORY WRONGFUL DEATH CLAIM AGAINST ALL DEFENDANTS

73.     Plaintiff re-alleges and incorporates the allegations as fully set forth herein.

74.     As a direct and proximate result of the negligence, malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, including Ray Charles Wilson, Mr. Wilson suffered the injuries set forth herein, all of which required hospitalization and medical treatment, and all of which required Ray Charles Wilson to incur significant hospital and medical expenses.

75.   As a direct, natural and proximate result of the negligence, malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, Ray Charles Wilson died on August 26, 2010, thereby incurring funeral, burial and other related expenses.

76.   As a result of the death of Ray Charles Wilson, the wrongful death beneficiaries suffered loss of consortium, attention, guidance, care, protection, training, companionship, compassion, affection, and love.

77.   WHEREFORE, based on such conduct of Defendants as set out above, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against Defendants including but not limited to Ray Charles Wilson physical pain, suffering, mental anguish, disfigurement, loss of enjoyment of life, humiliation, and fright in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff asserts are entitled by law. Additionally, based on such conduct, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against Defendants based on the damages sustained by the wrongful death beneficiaries as a result of the loss of a personal relationship with Ray Charles Wilson, including but not limited to loss of support, companionship, consortium, attention, guidance, care, protection, training, compassion, affection, and love, in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff asserts are entitled by law.

<u>Count EIGHT: Premises Liability Claim</u>
<u>Against All Defendants</u>

78.   Plaintiff re-alleges and incorporates the allegations in all other paragraphs as fully set forth herein.

79.     Defendants, during the time they owned, operated, managed, and/or controlled Oasis Health & Rehab of Yazoo City, had a duty to warn patrons/residents, including Plaintiff, of dangerous conditions of which Defendants knew existed, or reasonably should have known existed in the exercise of reasonable care, and particularly dangerous conditions that were willfully, wantonly, and/or intentionally created by Defendants, including but not limited to the failure to adequately staff the facility, adequately train the staff, provide adequate support for the staff, adequately budget, fund, or spend sufficient sums to provide adequate and appropriate healthcare to the residents which posed a foreseeable threat to the residents of Oasis Health & Rehab of Yazoo City

80.     Defendants were negligent in failing to warn residents, including the Plaintiff, of known insufficient staffing problems occurring while Defendants owned, operated, managed, and/or controlled Oasis Health & Rehab of Yazoo City and Rehabilitation Center.

81.     Defendants owed a duty to exercise reasonable care to correct dangerous conditions, including but not limited to the failure to adequately staff the facility, adequately train the staff, provide adequate support for the staff, adequately budget, fund, or spend sufficient sums to provide adequate and appropriate healthcare, for the safety of their residents including Plaintiff.

82.     Defendants owed a duty to the residents, including Plaintiff, to provide safe living conditions.

83.     Defendants having years of experience owning, operating, and/or managing nursing homes across the country have set in place numerous systems to provide information on occurrences, conditions, and events involving residents in their nursing homes including Oasis Health & Rehab of Yazoo City, which provided Defendants with the notice and knowledge of

the conditions alleged by Plaintiff or reasonably should have placed Defendants on notice of said conditions.

84.    The systems and reports available to Defendants include but are not limited to:

    a.    Resident Care and Condition Reports;

    b.    MPG Reports of varying types;

    c.    Employee Complaints;

    d.    Residents Complaints;

    e.    Summary Labor reports;

    f.    Key Factor reports;

    g.    Quality Indicator reports;

    h.    Trend of Key Items reports;

    i.    Budget Variance reports;

    j.    Resident Census and Conditions of Residents reports;

    k.    State and Federal Surveys;

    l.    Labor Turnover reports;

    m.    800 Hotline complaints;

    n.    Reports from consultants;

    o.    Lawsuits and Jury awards;

85.    Defendants were negligent in the following acts and/or omissions:

    a.    The failure to provide even the minimum number of staff necessary to assist the residents with their needs;

    b.    The failure to protect Ray Charles Wilson from harm within the facility;

    c.    The failure to maintain appropriate records, including obvious failure to monitor and document significant changes in Ray Charles Wilson's condition;

d.     The failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants, and medication aides (hereinafter "nursing personnel") to meet the total needs of Ray Charles Wilson;

e.     The failure to provide a nursing staff that was properly staffed, qualified, and trained;

f.     The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care;

g.     . The failure to ensure sufficient and appropriate supplies where available to meet the needs of the residents, including Plaintiff;

h.     The failure to ensure that the facility was properly budgeted to ensure that residents' needs were met.

86.     Defendants willfully and wantonly created these dangerous conditions by the methodology of management and/or control that was set out by corporate leadership.

87.     Not only did Defendants create these dangerous conditions that put Plaintiff and other residents at risk but they attempted to keep this information secreted from the public, their investors, and their residents including but not limited to Plaintiff, by means of an intentional cover-up and fraudulent documentation.

88.     Defendants failed to warn the residents, including Plaintiff of these dangerous conditions created by Defendants at Oasis Health & Rehab of Yazoo City.

89.     As a direct and proximate result of the negligence of Defendants as set out above, Ray Charles Wilson suffered the injuries set forth herein, all of which required hospitalization and medical treatment, and required Ray Charles Wilson to incur significant hospital and medical expenses.

90.     WHEREFORE, based on such conduct of Defendants as set forth above, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against Defendants including, but not limited to, medical expenses, physical pain, suffering, mental

anguish, disability, loss of enjoyment of life, humiliation, disfigurement, fright, and disfigurement in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

### PRAYER FOR RELIEF

Pursuant to Mississippi Rules of Civil Procedure, Plaintiff asserts demand that all issues of fact in this case be tried to a jury.

WHEREFORE, the Plaintiff, prays for judgment against Defendants, as follows:

1.      For damages to be determined by the jury, in an amount exceeding the minimum jurisdictional amount of this Court, and adequate to compensate Plaintiff for all the injuries and damage sustained;

2.      For all general and special damages caused by the alleged conduct of Defendants;

3.      For the costs of litigating this case;

4.      For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants from ever repeating such atrocities; and

5.      For all other relief to which Plaintiff is entitled by Mississippi law.

Respectfully submitted, this 9th day of June, 2017.

> The Estate of Ray Charles Wilson, by and through Stella Jean Wilson, Individually and as Administratrix of the Estate of Ray Charles Wilson for the use and benefit of the Estate and Wrongful Death Beneficiaries of Ray Charles Wilson, *Plaintiff*
>
> RAINER LAW FIRM, PLLC
>
> By:  _J. Edward Rainer_, *Attorney for Plaintiff*

**PREPARED BY:**

J. Edward Rainer
Mississippi Bar No. 4602
RAINER LAW FIRM, PLLC
Post Office Box 258
Brandon, Mississippi 39043
T: (601) 825-0212
F: (601) 825-0219
erainer@rainerlaw.net

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

**FILED**

SEP 18 2015

IN THE MATTER OF THE ESTATE OF:

LARRY SWALES
Chancery Clerk, Rankin County
Rec. in Bk._____Pg._____

RAY CHARLES WILSON, DECEASED

CIVIL ACTION NO. 2015-1881

### LETTERS OF ADMINISTRATION

STATE OF MISSISSIPPI
COUNTY OF RANKIN

WHEREAS, RAY CHARLES WILSON, Deceased, late of said County, died having no will, as is informed, but having while he lived and at the time of his death, goods and chattels, rights and credits within the State; and, there being a need and desire that the said goods and chattels, rights and credits, be well and truly administered, converted and disposed of according to law, STELLA JEAN WILSON is hereby granted full power, by these presents, to administer the goods and chattels, rights and credits (which, in Decedent's lifetime and at the time of his death, did belong to said Decedent); to ask, levy, recover, and receive the same, and pay the debts in which the Decedent stood bound, so far as the goods, chattels, rights, credits, lands, tenements, and hereditaments of said Decedent should extend, according to their rate and the order of the law; to make a true and perfect inventory of said goods and chattels, rights and credits, and the same to be exhibited in the office of the Clerk of this Court, at or before the expiration of 60 days from the date hereof, if so required; to render a just account of said administration when there unto legally required; and, said STELLA JEAN WILSON is hereby appointed and ordained as Administratrix of all and singular the goods and chattels, rights and credits, of the said Decedent.



Exhibit
A

IN WITNESS WHEREOF, the undersigned Chancery Clerk of Rankin County, Mississippi

has set his hand and seal of office hereto on this the 18 day of September 2015.

Larry Swales, Chancery Clerk
Rankin County, Mississippi

L Meare

D.C.

PREPARED BY:

J. Edward Rainer, MSB No. 4602
Gary L. Williams, MSB No. 102481
RAINER LAW FIRM, PLLC
Post Office Box 258
Brandon, Mississippi 39043
Telephone:     (601) 825-0212
Facsimile:     (601) 825-0219
erainer@rainerlaw.net

### IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

THE ESTATE OF RAY CHARLES WILSON,
BY AND THROUGH STELLA JEAN WILSON,
INDIVIDUALLY AND AS ADMINISTRATRIX
OF THE ESTATE OF RAY CHARLES WILSON
FOR THE USE AND BENEFIT OF THE ESTATE
AND WRONGFUL DEATH BENEFICIARIES OF
RAY CHARLES WILSON                                                      **PLAINTIFF**

VS.                                                      **CAUSE NO. 2017-CI16**

OASIS HEALTH & REHAB OF YAZOO
CITY, LLC; YAZOO CITY REHABILITATION
AND HEALTHCARE CENTER, LLC; ARK
MISSISSIPPI HOLDING COMPANY, LLC;
ORIANNA HEALTH SYSTEMS, LLC;
ORIANNA HOLDING COMPANY, LLC;
HEATHER MINCHEW, IN HER CAPACITY
AS ADMINISTRATOR OF OASIS HEALTH &
REHAB OF YAZOO CITY; JOHN DOES 1
THROUGH 10; AND UNIDENTIFIED
ENTITIES 1 THROUGH 10 (AS TO OASIS
HEALTH & REHAB OF YAZOO CITY)                                          **DEFENDANTS**

---

### SUMMONS

---

THE STATE OF MISSISSIPPI
TO ANY PROCESS SERVER

SERVE:      Heather Minchew
            925 Calhoun Avenue
            Yazoo City, Mississippi 39194

**THE COMPLAINT AND DEMAND FOR JURY TRIAL ATTACHED TO THIS SUMMONS IS
IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response either admitting or
denying each allegation in the Complaint to J. Edward Rainer, the attorney for the Plaintiff(s),
whose post office address is Post Office Box 258, Brandon, Mississippi 39043, and whose
street address is 2006 Courtside Drive, Brandon, Mississippi 39042. Your response must be mailed or
delivered within (30) days from the date of delivery of this Summons and Complaint or a
Judgment by default will be entered against you for the money or other things demanded in the
complaint.

You must also file the original of your response with the Clerk of this Court as provided by law.

Issued under my hand and the seal of said Court, this the 2 day of August, 2017.

Robert Coleman, *Circuit Clerk*
Yazoo County, Mississippi

By: _Janet Adams_ D.C.

PREPARED BY:

J. Edward Rainer
Mississippi Bar No. 4602
RAINER LAW FIRM, PLLC
Post Office Box 258
Brandon, Mississippi 39043
T: (601) 825-0212
F: (601) 825-0219
erainer@rainerlaw.net

## IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

THE ESTATE OF RAY CHARLES WILSON,
BY AND THROUGH STELLA JEAN WILSON,
INDIVIDUALLY AND AS ADMINISTRATRIX
OF THE ESTATE OF RAY CHARLES WILSON
FOR THE USE AND BENEFIT OF THE ESTATE
AND WRONGFUL DEATH BENEFICIARIES OF
RAY CHARLES WILSON                                                    PLAINTIFF

VS.                                                        CAUSE NO. 2017-CI16

OASIS HEALTH & REHAB OF YAZOO
CITY, LLC; YAZOO CITY REHABILITATION
AND HEALTHCARE CENTER, LLC; ARK
MISSISSIPPI HOLDING COMPANY, LLC;
ORIANNA HEALTH SYSTEMS, LLC;
ORIANNA HOLDING COMPANY, LLC;
HEATHER MINCHEW, IN HER CAPACITY
AS ADMINISTRATOR OF OASIS HEALTH &
REHAB OF YAZOO CITY; JOHN DOES 1
THROUGH 10; AND UNIDENTIFIED
ENTITIES 1 THROUGH 10 (AS TO OASIS
HEALTH & REHAB OF YAZOO CITY)                                        DEFENDANTS

---

## SUMMONS

---

THE STATE OF MISSISSIPPI
TO ANY PROCESS SERVER

SERVE:        Orianna Holding Company, LLC
              Corporation Service Company
              5760 I-55 North
              Suite 150
              Jackson, Mississippi 39201

**THE COMPLAINT AND DEMAND FOR JURY TRIAL ATTACHED TO THIS SUMMONS IS
IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response either admitting or
denying each allegation in the Complaint to J. Edward Rainer, the attorney for the Plaintiff(s),
whose post office address is Post Office Box 258, Brandon, Mississippi 39043, and whose street
address is 2006 Courtside Drive, Brandon, Mississippi 39042.  Your response must be mailed or
delivered within (30) days from the date of delivery of this Summons and Complaint or a

Judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court as provided by law.

Issued under my hand and the seal of said Court, this the 2 day of August, 2017.

Robert Coleman, *Circuit Clerk*
Yazoo County, Mississippi

By:  _____Janet Adams_____ D.C.

PREPARED BY:

J. Edward Rainer
Mississippi Bar No. 4602
RAINER LAW FIRM, PLLC
Post Office Box 258
Brandon, Mississippi 39043
T: (601) 825-0212
F: (601) 825-0219
erainer@rainerlaw.net

**IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI**

THE ESTATE OF RAY CHARLES WILSON,
BY AND THROUGH STELLA JEAN WILSON,
INDIVIDUALLY AND AS ADMINISTRATRIX
OF THE ESTATE OF RAY CHARLES WILSON
FOR THE USE AND BENEFIT OF THE ESTATE
AND WRONGFUL DEATH BENEFICIARIES OF
RAY CHARLES WILSON                                              **PLAINTIFF**

VS.                                                      CAUSE NO. <u>2017-CI16</u>

OASIS HEALTH & REHAB OF YAZOO
CITY, LLC; YAZOO CITY REHABILITATION
AND HEALTHCARE CENTER, LLC; ARK
MISSISSIPPI HOLDING COMPANY, LLC;
ORIANNA HEALTH SYSTEMS, LLC;
ORIANNA HOLDING COMPANY, LLC;
HEATHER MINCHEW, IN HER CAPACITY
AS ADMINISTRATOR OF OASIS HEALTH &
REHAB OF YAZOO CITY; JOHN DOES 1
THROUGH 10; AND UNIDENTIFIED
ENTITIES 1 THROUGH 10 (AS TO OASIS
HEALTH & REHAB OF YAZOO CITY)                                   **DEFENDANTS**

---

**SUMMONS**

---

THE STATE OF MISSISSIPPI
TO ANY PROCESS SERVER

SERVE:        Orianna Health Systems, LLC
              Corporation Service Company
              5760 I-55 North
              Suite 150
              Jackson, Mississippi 39201

**THE COMPLAINT AND DEMAND FOR JURY TRIAL ATTACHED TO THIS SUMMONS IS
IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response either admitting or
denying each allegation in the Complaint to J. Edward Rainer, the attorney for the Plaintiff(s),
whose post office address is Post Office Box 258, Brandon, Mississippi 39043, and whose street
address is 2006 Courtside Drive, Brandon, Mississippi 39042. Your response must be mailed or
delivered within (30) days from the date of delivery of this Summons and Complaint or a

Judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court as provided by law.

Issued under my hand and the seal of said Court, this the 2 day of August, 2017.

Robert Coleman, *Circuit Clerk*
Yazoo County, Mississippi

By: *Janet Adams* D.C.

PREPARED BY:

J. Edward Rainer
Mississippi Bar No. 4602
RAINER LAW FIRM, PLLC
Post Office Box 258
Brandon, Mississippi 39043
T: (601) 825-0212
F: (601) 825-0219
erainer@rainerlaw.net

## IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

THE ESTATE OF RAY CHARLES WILSON,
BY AND THROUGH STELLA JEAN WILSON,
INDIVIDUALLY AND AS ADMINISTRATRIX
OF THE ESTATE OF RAY CHARLES WILSON
FOR THE USE AND BENEFIT OF THE ESTATE
AND WRONGFUL DEATH BENEFICIARIES OF
RAY CHARLES WILSON                                                 **PLAINTIFF**

VS.                                                          **CAUSE NO. 2017-CI16**

OASIS HEALTH & REHAB OF YAZOO
CITY; LLC; YAZOO CITY REHABILITATION
AND HEALTHCARE CENTER, LLC; ARK
MISSISSIPPI HOLDING COMPANY, LLC;
ORIANNA HEALTH SYSTEMS, LLC;
ORIANNA HOLDING COMPANY, LLC;
HEATHER MINCHEW, IN HER CAPACITY
AS ADMINISTRATOR OF OASIS HEALTH &
REHAB OF YAZOO CITY; JOHN DOES 1
THROUGH 10; AND UNIDENTIFIED
ENTITIES 1 THROUGH 10 (AS TO OASIS
HEALTH & REHAB OF YAZOO CITY)                                      **DEFENDANTS**

---

### SUMMONS

---

THE STATE OF MISSISSIPPI
TO ANY PROCESS SERVER

SERVE:      Ark Mississippi Holding Company, LLC
            Corporation Service Company
            5760 I-55 North
            Suite 150
            Jackson, Mississippi 39201

**THE COMPLAINT AND DEMAND FOR JURY TRIAL ATTACHED TO THIS SUMMONS IS
IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response either admitting or
denying each allegation in the Complaint to J. Edward Rainer, the attorney for the Plaintiff(s),
whose post office address is Post Office Box 258, Brandon, Mississippi 39043, and whose street
address is 2006 Courtside Drive, Brandon, Mississippi 39042. Your response must be mailed or
delivered within (30) days from the date of delivery of this Summons and Complaint or a

Judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court as provided by law.

Issued under my hand and the seal of said Court, this the __2__ day of August, 2017.

Robert Coleman, *Circuit Clerk*
Yazoo County, Mississippi


By: _____Janet Adams_____ · D.C.


PREPARED BY:

J. Edward Rainer
Mississippi Bar No. 4602
RAINER LAW FIRM, PLLC
Post Office Box 258
Brandon, Mississippi 39043
T: (601) 825-0212
F: (601) 825-0219
erainer@rainerlaw.net

## IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

THE ESTATE OF RAY CHARLES WILSON,
BY AND THROUGH STELLA JEAN WILSON,
INDIVIDUALLY AND AS ADMINISTRATRIX
OF THE ESTATE OF RAY CHARLES WILSON
FOR THE USE AND BENEFIT OF THE ESTATE
AND WRONGFUL DEATH BENEFICIARIES OF
RAY CHARLES WILSON                                    PLAINTIFF

VS.                                          CAUSE NO. 2017-CI16

OASIS HEALTH & REHAB OF YAZOO
CITY, LLC; YAZOO CITY REHABILITATION
AND HEALTHCARE CENTER, LLC; ARK
MISSISSIPPI HOLDING COMPANY, LLC;
ORIANNA HEALTH SYSTEMS, LLC;
ORIANNA HOLDING COMPANY, LLC;
HEATHER MINCHEW, IN HER CAPACITY
AS ADMINISTRATOR OF OASIS HEALTH &
REHAB OF YAZOO CITY; JOHN DOES 1
THROUGH 10; AND UNIDENTIFIED
ENTITIES 1 THROUGH 10 (AS TO OASIS
HEALTH & REHAB OF YAZOO CITY)                        DEFENDANTS

---

### SUMMONS

---

THE STATE OF MISSISSIPPI
TO ANY PROCESS SERVER

SERVE:      Yazoo City Rehabilitation and Healthcare Center, LLC
            Corporation Service Company
            5760 I-55 North
            Suite 150
            Jackson, Mississippi 39201

**THE COMPLAINT AND DEMAND FOR JURY TRIAL ATTACHED TO THIS SUMMONS IS
IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response either admitting or
denying each allegation in the Complaint to J. Edward Rainer, the attorney for the Plaintiff(s),
whose post office address is Post Office Box 258, Brandon, Mississippi 39043, and whose street
address is 2006 Courtside Drive, Brandon, Mississippi 39042. Your response must be mailed or
delivered within (30) days from the date of delivery of this Summons and Complaint or a

Judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court as provided by law.

Issued under my hand and the seal of said Court, this the 2 day of August, 2017.

Robert Coleman, *Circuit Clerk*
Yazoo County, Mississippi


By:  _Janet Adams_ D.C.


**PREPARED BY:**

J. Edward Rainer
Mississippi Bar No. 4602
RAINER LAW FIRM, PLLC
Post Office Box 258
Brandon, Mississippi 39043
T: (601) 825-0212
F: (601) 825-0219
erainer@rainerlaw.net

IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

THE ESTATE OF RAY CHARLES WILSON,
BY AND THROUGH STELLA JEAN WILSON,
INDIVIDUALLY AND AS ADMINISTRATRIX
OF THE ESTATE OF RAY CHARLES WILSON
FOR THE USE AND BENEFIT OF THE ESTATE
AND WRONGFUL DEATH BENEFICIARIES OF
RAY CHARLES WILSON        **PLAINTIFF**

VS.            **CAUSE NO. 2017-CI16**

OASIS HEALTH & REHAB OF YAZOO
CITY, LLC; YAZOO CITY REHABILITATION
AND HEALTHCARE CENTER, LLC; ARK
MISSISSIPPI HOLDING COMPANY, LLC;
ORIANNA HEALTH SYSTEMS, LLC;
ORIANNA HOLDING COMPANY, LLC;
HEATHER MINCHEW, IN HER CAPACITY
AS ADMINISTRATOR OF OASIS HEALTH &
REHAB OF YAZOO CITY; JOHN DOES 1
THROUGH 10; AND UNIDENTIFIED
ENTITIES 1 THROUGH 10 (AS TO OASIS
HEALTH & REHAB OF YAZOO CITY)     **DEFENDANTS**

---

## SUMMONS

---

THE STATE OF MISSISSIPPI
TO ANY PROCESS SERVER

SERVE:  Oasis Health & Rehab of Yazoo City, LLC
    Corporation Service Company
    5760 I-55 North
    Suite 150
    Jackson, Mississippi 39201

### THE COMPLAINT AND DEMAND FOR JURY TRIAL ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response either admitting or denying each allegation in the Complaint to J. Edward Rainer, the attorney for the Plaintiff(s), whose post office address is Post Office Box 258, Brandon, Mississippi 39043, and whose street address is 2006 Courtside Drive, Brandon, Mississippi 39042. Your response must be mailed or delivered within (30) days from the date of delivery of this Summons and Complaint or a

Judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court as provided by law.

Issued under my hand and the seal of said Court, this the *2* day of August, 2017.

Robert Coleman, *Circuit Clerk*
Yazoo County, Mississippi

By:     *Janet Adams* D.C.

PREPARED BY:

J. Edward Rainer
Mississippi Bar No. 4602
RAINER LAW FIRM, PLLC
Post Office Box 258
Brandon, Mississippi 39043
T: (601) 825-0212
F: (601) 825-0219
erainer@rainerlaw.net